Dorothy Rosensweig (DR-6006)
EPSTEIN BECKER & GREEN, P.C.
250 Park Avenue
New York, New York 10177
(212) 351-4500
Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X
MAJOR KHAN,

                Plaintiff,

      – against –

UBSFS FINANCIAL SERVICES, INC.,


                Defendant.
------------------------------------- X

05 CV 4922 (SHS) (DF)
Electronically Filed

**RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS**

## STATEMENT OF UNDISPUTED MATERIAL FACTS

Defendant UBS Financial Services Inc. ("UBSFS"),[1] by and through its attorneys, Epstein Becker & Green, P.C., pursuant to Local Civil Rule 56.1 of the United States District Court, Southern District of New York, hereby submits the following statement of material facts as to which it contends there is no genuine issue to be tried.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

The material facts about which there are no genuine issues are:

1.      Pursuant to federal law, UBSFS, like all securities firms, is registered with the United States Securities and Exchange Commission, which governs the conduct of the

---

[1] In this Rule 56.1 Statement, UBS Financial Services Inc., and its predecessors PaineWebber and UBS PaineWebber, are referred to as "UBSFS." All declarations and exhibits referenced in this Rule 56.1 Statement are attached to the Declaration of Dorothy Rosenwseig, which is submitted herewith under separate cover.

NY:599979v1

securities industry. UBSFS is also required to be registered with the self-regulatory organizations ("SROs") where it conducts business (e.g., NASD and New York Stock Exchange) and with the various State regulatory agencies. (Di Trapani Decl. ¶ 2)

2.  Any person associated with a securities firm such as UBSFS, who is engaged in the securities business of the firm, must register with the SROs of which UBSFS is a member, such as the NASD. In addition, an associated person must also register with the State securities agencies for those States in which the associated person will conduct business. (Di Trapani Decl. ¶ 2)

3.  UBSFS has a Management Development Program ("MDP"), which is a highly selective training program that seeks to identify current employees with potential managerial capabilities and, if selected for MDP, to train such individuals to eventually assume a managerial role in the Firm's retail branch office system in the future. (Weiler Decl. ¶ 2)

4.  Completion of the MDP does not guarantee acceptance into a branch office management position. (Weiler Decl. ¶ 2)

5.  Plaintiff was nominated for and accepted into the 2002 MDP class. (Weiler Decl. ¶ 4)

6.  At the beginning of the MDP, participants are advised that they must have the necessary licenses for a branch office management position, which are the Series 3, Series 7, Series 9 and 10 (formerly the Series 8), Series 63 and Series 65 (or combined Series 66), by the end of the program. These licenses are a prerequisite for placement in a branch office management position. (Weiler Decl. ¶¶ 3, 5)

7. In March 2002, participants of the 2002 MDP class were advised at the "kick-off" presentation that they must complete and pass all required licenses by September 30, 2002. (Weiler Decl. ¶ 5; Ex. A)

8. By January 2003, after Plaintiff had completed the MDP, Plaintiff had not even taken his Series 7 examination, a prerequisite to the additionally necessary Series 9 and 10 licenses. (Weiler Decl. ¶ 6)

9. Plaintiff also did not have the other registration licenses that he was required to obtain as part of the MDP program and that members of branch management typically have, as they are required by many jurisdictions, such as the Series 63 and 65 (or combined Series 66) State licenses and the Series 3 commodities license. (Weiler Decl. ¶¶ 3, 5, 6; Di Trapani Decl. ¶¶ 3, 6)

10. Plaintiff also was not registered with the NASD or any other SRO upon his completion of the MDP. (Weiler Decl. ¶ 6; Di Trapani Decl. ¶ 6)

11. Plaintiff was advised by the MDP Director that unless and until he obtained the required licenses and became registered with the NASD, he was not qualified for and could not be promoted into a branch management position. (Weiler Decl. ¶ 6)

12. When Plaintiff applied to become registered with the NASD, the NASD deemed his application deficient and sent UBSFS' Compliance Department a Disclosure Letter on April 30, 2003 indicating that that there was a reporting discrepancy. (Di Trapani Decl. ¶ 4; Ex. B) The discrepancy involved Plaintiff's arrest for solicitation to commit prostitution. (Di Trapani Decl. ¶¶ 4,5)

13. Plaintiff's application for registration could not be approved by the NASD or any other SRO until he provided sufficient documentation that either (1) the arrest had been expunged; or (2) the arrest was a non-reportable offense and therefore did not meet the criteria for reporting on the registration application. (Di Trapani Decl. ¶ 5)

14. At the time of Plaintiff's termination from UBSFS, according to NASD and UBSFS records, Plaintiff was not registered with the NASD or any other SRO and did not have the examinations for the Series 3, 9, 10, 63, 65 or 66 licenses. (Di Trapani Decl. ¶ 6)

Dated: New York, New York
July 13, 2005

Respectfully Submitted,

EPSTEIN BECKER & GREEN, P.C.

s/ Dorothy Rosensweig
Dorothy Rosensweig (DR-6006)
Erin M. Carney (EC-5904)
250 Park Avenue
New York, New York  10177-0077
(212) 351-4798
Attorneys for Defendant