USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/5/06

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MAJOR KHAN,

                                                          Plaintiff,

-against-

UBS FINANCIAL SERVICES, INC.,

                                                          Defendant.

05 Civ. 4922 (SHS) (DF)

**ORDER**

------------------------------------------------------------X

**DEBRA FREEMAN, United States Magistrate Judge:**

       This case, which is scheduled for trial this month before the Honorable Sidney H. Stein, was referred to me to resolve pre-trial discovery disputes between the parties. One such dispute has now arisen over a September 8, 2006 application by plaintiff to depose two witnesses who live in California and Texas, so as to preserve their testimony for trial. Defendant strenuously opposes what it describes as plaintiff's untimely application. For the reasons discussed below, plaintiff's application to subpoena these witnesses to appear for deposition in California and Texas is denied, but, with the restrictions set forth below, plaintiff may conduct these *de bene esse* depositions by alternate, less burdensome means.

       As a preliminary matter, the Court acknowledges that there is a recognized difference between "discovery depositions" taken for the purpose of gathering information during the discovery process, and "*de bene esse*" or "preservation depositions" that are intended to substitute for live trial testimony, the latter sometimes needing to take place subsequent to a discovery deadline, when it becomes apparent that a witness who would have otherwise been expected to testify at trial will be unavailable. *See, e.g., RLS Associates, LLC v. United Bank of Kuwait, PLC*, No. 01 Civ. 1290 (CSH), 2005 WL 578917, at *5-8 (S.D.N.Y. Mar. 11, 2005).

The Court, however, has discretion to manage all pre-trial discovery, including both types of depositions, so as to promote the orderly resolution of cases before it and prevent prejudice to any party.

Here, there is no doubt that plaintiff knew long ago of the identities of both witnesses (Steve Insel and Rick Peterson) and of their areas of purportedly relevant knowledge. Counsel also knew that the Court had directed the parties to confer in good faith regarding all outstanding discovery, and to bring any remaining discovery disputes, of any kind, to the Court's attention by April 2006, five months before plaintiff first mentioned the need for these depositions. Further, the current representation of plaintiff's counsel – that at least one of the witnesses would certainly have testified at trial, were it not for his sudden need to relocate outside the country – appears contrary to statements made in counsel's September 8 application. There, plaintiff's counsel merely noted that, "as Mr. Insel lives in the Santa Monica, CA area and Mr. Peterson lives in Houston, TX, both are unsure as to their availability to testify in New York at trial." (Letter to the Court from Stephen A. Winston, Esq., dated Sept. 8, 2006 ("9/8/06 Whinston Ltr."), at 1.) Thus, plaintiff's stated rationale for his application was nothing more than his observation that the witnesses did not live within this Court's jurisdiction, a fact of which plaintiff was well aware during the discovery period.

Just because a deposition is intended to preserve trial testimony does not mean that it must be allowed, at any time, regardless of the circumstances presented. Rather, it is the Court's obligation to consider issues of fairness, including the prejudice that may result from requiring opposing counsel to spend considerable time traveling a considerable distance, undoubtedly interrupting counsel's ability to prepare for trial. In this case, it would be unfairly prejudicial to

2

force defendant, at this stage, to travel to California and Texas, especially where plaintiff could easily have scheduled these out-of-state depositions during the discovery period, but failed to do so, and where plaintiff's counsel delayed in bringing the issue to either defendant's or the Court's attention, despite a directive from the Court to raise *all* outstanding discovery issues by a set date.

Nonetheless, it is in the interest of justice for cases to be tried fully on the merits. Further, it is difficult for the Court to assess, with certainty, the extent to which plaintiff actually did expect these witnesses to appear at trial, and has now been caught by surprise by their professed inability to come to New York. Finally, it appears that the two witnesses in question have knowledge on very discrete issues, and thus the testimony of each would be expected to be quite short. Indeed, plaintiff's counsel represents that each witness would be called to testify for plaintiff only as to very narrow facts. (*See* 9/8/06 Whinston Ltr. at 1.) For these reasons, if (a) after any limitations that may be set by Judge Stein regarding the number of witnesses who may testify at trial, plaintiff still wishes to include, on his witness list, one or both of these witnesses, and (b) plaintiff is able to schedule the deposition(s) to take place telephonically, or by other electronic means, no later than October 11, 2006, and for a period of no longer than two (2) hours each, the Court will permit the deposition(s) to go forward in that fashion.

Dated: New York, New York
October 4, 2006

SO ORDERED

*[signature]*
DEBRA FREEMAN
United States Magistrate Judge

3

Copies to:

Hon. Sidney H. Stein, U.S.D.C.

Stephen A. Whinston, Esq.
Berger & Montague, P.S.
1622 Locust Street
Philadelphia, PA 19103-6305

Dorothy Rosensweig, Esq.
Barbara C. Gross, Esq.
Epstein Becker & Green, P.C.
250 Park Avenue
New York, NY 10177-1211