UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MAJOR KHAN,

        Plaintiff,      05 CV 4922 (SHS) (DF)

   - against -

                 **Electronically Filed**

UBS FINANCIAL SERVICES, INC.,


        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DEFENDANT'S MEMORANDUM OF LAW
## IN SUPPORT OF ITS MOTION *IN LIMINE* REGARDING
## THE USE OF THE DEPOSITION OF STEVEN INSEL AT TRIAL

EPSTEIN, BECKER & GREEN, P.C.
250 Park Avenue
New York, New York 10177-1211

———

212.351.4500

Attorneys for Defendant

NY:1384226v1

Defendant UBS Financial Services Inc. ("UBSFS"), by its attorneys, Epstein Becker & Green, P.C., submits this memorandum of law in support of its motion *in limine* regarding the use of the *de bene esse* deposition of Steven Insel.

## Statement of Relevant Facts

By order dated October 4, 2006, Magistrate Judge Freeman denied Plaintiff's last-minute request to take the deposition of non-party witness Steven Insel in California, but authorized a two-hour *de bene esse* deposition of Mr. Insel by telephone or other electronic means. (Rosensweig Decl., Exhibit A.) Thereafter, Plaintiff subpoenaed Mr. Insel and arranged for his video-conference deposition to commence at 4:30 p.m. on October 10, 2006.

During the *de bene esse* deposition of Mr. Insel, UBSFS discovered untruthful statements by Plaintiff's counsel regarding his need for the *de bene esse* deposition. Plaintiff's counsel had represented to the Court and this firm that Mr. Insel was willing to testify, but would not be available to testify in New York. (See Rosensweig Decl., Exhibit B, Mr. Whinston's September 8, 2006 letter to Magistrate Judge Freeman stating that Mr. Insel is willing to testify at trial, but lives in the Santa Monica, CA area and is "unsure" as to his availability to testify in New York at trial; Exhibit C, Mr. Whinston's August 31, 2006, letter to Dorothy Rosensweig stating that Mr. Insel will not be available to attend trial). During Mr. Insel's deposition, however, UBSFS learned that Mr. Whinston's representations were untrue. Mr. Insel testified that he was never asked to testify at trial in New York, no one ever asked him about his availability to testify in New York, and the first time that Plaintiff or anyone representing Plaintiff contacted him regarding the possibility of giving testimony in this case was a few weeks ago. (Rosensweig Decl., Exhibit D, Insel Tr. 79:23-81:12).

At the commencement of the deposition, Mr. Insel's counsel twice announced that Mr. Insel would only make himself available for the two-hour time frame ordered by the Court, and no longer.  (Rosensweig Decl., Exhibit D, Insel Tr. 5:1-19, 8:19-20).   As Mr. Insel's deposition testimony was being taken in lieu of trial testimony, UBSFS' counsel advised Plaintiff's counsel that she intended to cross-examine Mr. Insel, and suggested that each party question the witness for one hour.  (Id., Insel Tr. 5:22-6:13, 9:5-23).  Plaintiff's counsel rejected this proposal, and responded that he did not know how long he would go, but that UBSFS could reserve its rights to argue to the Court that it did not have enough time to question Mr. Insel. (Id., Insel Tr. 6:14-7:1; 9:10-16).  UBSFS' counsel reiterated its position that it did not agree to cut short its cross-examination of Mr. Insel.  (Id., Insel Tr. 9:24-10:12).

Despite knowing that Mr. Insel would leave after two hours and that UBSFS had requested the opportunity to cross-examine him, Plaintiff's counsel did not begin questioning Mr. Insel until 5:15 p.m., a full 45 minutes after the deposition was scheduled to begin, as Plaintiff's counsel was waiting for documents he intended to use as exhibits to be copied and sent to Mr. Insel.  (Id., Insel Tr. 7:3-24; 11:3-10; 12:11-23; 13:9-15).  As a result, UBSFS' counsel was unable to begin questioning Mr. Insel until 6:35 p.m.  (Id., Insel Tr. 76:18-20).  At 6:41 p.m., a mere six minutes later, Mr. Insel and his attorney abruptly terminated the deposition, stating that they had been going for two hours and five minutes and were leaving.  (Id., Insel Tr. 110:11-14).   UBSFS had barely begun its questioning of Mr. Insel when the deposition concluded.  (Id., Insel Tr. 111:9-11).

### ARGUMENT

The Court authorized Mr. Insel's *de bene esse* deposition to preserve trial testimony.  (See Rosensweig Decl., Exhibit A, p. 2).  Because such testimony was intended to be

a substitute for live trial testimony, UBSFS should have been afforded adequate time to cross-examine Mr. Insel. Rule 32(a) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P. 32(a)") permits the use of deposition testimony at trial only if the party against whom it may be used was present or represented at the deposition or had reasonable notice thereof. Thus, the deposition of Mr. Insel should have been conducted in such a way to allow UBSFS to meaningfully participate. See Manley v. Ambase Corp., 337 F.3d 237, 247-248 (2d Cir. 2003) (affirming district court's refusal to allow plaintiff to offer excerpts from discovery deposition of a witness where the district court directed that the *de bene esse* deposition of the witness was a substitute for trial testimony and that the parties should conduct themselves as though they were at trial, and where the plaintiff had a full and fair opportunity to ask whatever questions it wanted at the *de bene esse* deposition); RL Assoc., LLC v. The United Bank of Kuwait PLC, 2005 WL 578917 (S.D.N.Y. Mar. 11, 2005) (allowing *de bene esse* deposition to preserve testimony for trial and ordering that counsel confer with each other regarding the proper administration and procedure for the deposition).

Fed. R. Civ. P. 32(a) further provides that "At the trial . . . any part or all of a deposition, *so far as admissible under the rules of evidence applied as though the witness were then present and testifying*, may be used against any party . . ." (emphasis added) Thus, Mr. Insel's *de bene esse* deposition testimony is admissible only so far as his testimony would be admissible under the rules of evidence. It is not, however, admissible pursuant to Fed. R. Evid. 804(b)(1), which provides, in pertinent part, that the deposition testimony of an unavailable witness is admissible only if the party against whom the testimony is offered had an opportunity to develop the testimony by direct, cross-examination, or redirect. UBSFS was denied a meaningful opportunity to cross-examine Mr. Insel, even though Plaintiff's counsel was on

notice that UBSFS sought to cross-examine Mr. Insel. Rather, Plaintiff's counsel inexcusably wasted 45 minutes of the two-hour deposition waiting for documents to be copied that he previously should have insured Mr. Insel received, and thereafter utilized all but one minute of the two hours prescribed by Magistrate Judge Freeman for the deposition. See Qatar National Navigation & Transportation Co. v. Citibank, N.A., No. 89 Civ. 464, 1996 WL 596518, at *2 (S.D.N.Y. Oct. 16, 2996) (holding that a *de bene esse* deposition would not be admissible at trial pursuant to Fed. R. Evid. 804(b)(1) if the party against whom it is offered was denied the opportunity fully to develop the witness' testimony on relevant issues); Cury v. Philip Morris USA, 1995 WL 594856 (S.D.N.Y. Oct. 6, 1995) (granting plaintiff's motion *in limine* to exclude from trial the deposition testimony of defendant's unavailable non-party witness on the grounds that it was inadmissible under Fed. R. Evid. 804(b)(1) where plaintiff was denied a full opportunity to cross-examine the witness when the witness terminated the deposition during cross-examination).

In essence, Plaintiff is attempting to offer Mr. Insel's deposition testimony against UBSFS at trial, without UBSFS having had the opportunity to cross-examine Mr. Insel. Such one-sided testimony runs afoul of the Federal Rules of Evidence, and thus is not admissible under Fed. R. Civ. P. 32(a).

## CONCLUSION

Based upon the foregoing, UBSFS respectfully requests that to the extent that Plaintiff offers any portion of Mr. Insel's deposition testimony, the Court grant a curative instruction to the jury that Mr. Insel was not subject to cross-examination by UBSFS, and thus the jury cannot infer anything negative from UBSFS' failure to inquire into any subject area.

Alternatively, if the Court declines to grant such curative instruction, Plaintiff should be precluded from offering Mr. Insel's deposition testimony at trial.

Dated:  New York, New York
        October 18, 2006

                                    Respectfully submitted,
                                    EPSTEIN BECKER & GREEN, P.C.


            By:         _____s/ Ronald M. Green_____
                            Ronald M. Green (RG-7766)
                            Dorothy Rosensweig (DR-6006)
                            Barbara A. Gross (BG-3048)
                        250 Park Avenue
                        New York, New York 10177
                        (212) 351-4500
                        Attorneys for Defendant